IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )        2:17cr338-MHT
                            )        2:18cr122-MHT
TANYA LEE ENGLISH           )            (WO)
```

ORDER

It is ORDERED that, in these two cases, defendant Tanya Lee English's motions for compassionate release (doc. nos. 145 (in 17cr338) and 149 (in 18cr122)) are denied for the reasons set forth below.

\*\*\*

Defendant English seeks relief under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part:

> "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in

section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction;

> ...

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The "applicable policy statement[]" with which a reduction must be consistent is United States Sentencing Guideline 1B1.13. The Sentencing Commission provided three specific circumstances that would qualify a defendant for release: (A) a medical condition of the defendant substantially reduces his ability to provide self-care in prison, (B) the advanced age of the defendant, and (C) the defendant's family circumstances. *See* U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13 cmt. n.1. The Commission also provided a final 'catchall' provision where the Director of the Bureau of Prisons finds "other reasons" exist that are "extraordinary and compelling." U.S.S.G. § 1B1.13 cmt. n.1(D).

English has not shown that a sentence reduction is warranted. She seeks release for several reasons. First, she seeks release due to her psychological conditions, migraines, nerve pain, and degenerative disc disease, which she contends the prison medical staff has not treated as effectively as her doctors in the free world did. Under Guideline 1B1.13, only certain medical conditions constitute extraordinary and compelling reasons for a sentence reduction. A defendant must either have a terminal illness or be

> "(I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). While English has shown that she suffers from serious physical- and mental-health conditions, she has not proven that these

conditions "substantially diminish" her "ability to provide self-care" in the prison environment.

English also seeks release due to the threat of infection with COVID-19 given the conditions in the prison where she is located, and the prison's failure to respond in a timely manner to her complaints of chest pain.  The risk of infection with COVID-19, which every American prisoner faces, is not alone an extraordinary and compelling reason warranting release; there must be additional circumstances that place the defendant at an elevated risk of serious complications from infection with COVID-19.  *See*, *e.g.*, *United States v. McCall*, 465 F. Supp. 3d 1201 (M.D. Ala. 2020) (Thompson, J.).  While the court sympathizes with English's fear of infection, she is not elderly, and the physical and mental-health conditions with which she has been diagnosed are not included in the Centers for Disease Controls list of conditions that place her at elevated risk of serious illness should she be infected with COVID-19.  *See generally People at*

4

*Increased Risk,* Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited Dec. 30, 2020). Moreover, medical records submitted by the government show that the medical staff has evaluated her, albeit belatedly, for her complaints of chest pain, diagnosed her with reflux, and found no evidence of a COVID-19 infection, heart disease, or any other dangerous condition.

English also seeks a sentence reduction due to the unfortunate death of her son, who left two daughters behind who she says need full-time childcare. While Guideline 1B1.13 makes clear that family circumstances can be the basis for a sentence reduction under 18 U.S.C. § 3852(c)(1)(A), the commentary to the guideline provides that only limited circumstances qualify: "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or "[t]he incapacitation of the defendant's spouse or registered partner" when no other caregiver is available.

5

U.S.S.G. § 1B1.13 cmt. n.1(C).  Grandchildren are not covered by the guideline, and, in any case, English has not proven that she is the only caregiver available.*

DONE, this the 30th day of December, 2020.

                                                           /s/ Myron H. Thompson
                                                   **UNITED STATES DISTRICT JUDGE**

---

\* The court notes that English and her husband were both sentenced to prison in 2:18cr122-MHT, but the court staggered their sentences so that her husband would not begin serving his sentence until she is released and would therefore be available to care for the couple's children.  Therefore, it appears that there is another caregiver available.